FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 30 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| THOMAS J. BECKER, JR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) # 4:15-cv-392-JM |
| | ) |
| COMMERCE RECOVERY AND | ) |
| CAPITAL MANAGEMENT, LLC., | ) |
| and PAYMENT MANAGEMENT | ) |
| SERVICES USA, LLC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the plaintiff, THOMAS J. BECKER, JR, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendants, COMMERCE RECOVERY AND CAPITAL MANAGEMENT, LLC., and PAYMENT MANAGEMENT SERVICES USA, LLC., the Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. THOMAS J. BECKER, JR, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in Saline County in the State of Arkansas.

This case assigned to District Judge Moody
and to Magistrate Judge Deere

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Nissan (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly originally owed Nissan was for a loan on Plaintiff's then primary and personal vehicle.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. COMMERCE RECOVERY AND CAPITAL MANAGEMENT, LLC., (hereinafter, "CRCM") is a business entity engaged in the collection of debt within the State of New York. CRCM's principal place of business is located in the State of New York.

9. Upon information and belief, CRCM purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff

10. The principal purpose of CRCM's business is the collection of debts allegedly owed to third parties.

11. CRCM regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, CRCM sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, CRCM acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, CRCM acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15. PAYMENT MANAGEMENT SERVICES USA, LLC., (hereinafter, "PMS") is a business entity engaged in the collection of debt within the State of New York. PMS' principal place of business is located in the State of New York.

16. The principal purpose of PMS' business is the collection of debts allegedly owed to third parties.

17. PMS regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its efforts to collect debts allegedly owed to third parties, PMS sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

19. At all relevant times, PMS acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

20. At all relevant times, PMS acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. <u>ALLEGATIONS</u>

## <u>COUNT I: THOMAS J. BECKER, JR v. COMMERCE RECOVERY AND CAPITAL MANAGEMENT, LLC</u>

21.     On or about March 9, 2015, Plaintiff received a telephone call from a duly authorized representative of CRCM.

22.     The aforesaid telephone call from CRCM to Plaintiff on or about March 9, 2015, went to voicemail and CRCM left a message for Plaintiff

23.     In the aforesaid voicemail message, CRCM stated that it had important documents that needed to be delivered to him and left a contact telephone number for CRCM for Plaintiff to contact CRCM regarding the documents.

24.     On or about March 10, 2015, Plaintiff called CRCM and was informed by a CRCM representative that he owed Nissan $3,766 for the loan relative to his previously repossessed Nissan Titan. Further CRCM informed Plaintiff that he could make a one time payment of approximately $1,500 as a settlement of the Debt; Defendant also informed Plaintiff of other putative options to settle the Debt.

25.     During the course of the aforesaid telephone call between Defendant and Plaintiff, Defendant informed Plaintiff that he needed to make an immediate decision about his repayment options, "within an hour to be safe". Defendant informed Plaintiff that only by making such an immediate decision would Defendant be able to cancel the delivery of the documents.

26.     Defendant further informed Plaintiff: "If the process server tired to make contact and Plaintiff was not there to receive the documents or if contact was made and Plaintiff refused the documents, Plaintiff's settlement options would no longer be available."

27. Defendant's comments about a process server delivering documents had the effect of conveying that the documents to be delivered was a Summons for a lawsuit.

28. Defendant further informed Plaintiff that under the aforesaid circumstances, "Nissan Corp would move forward with actions to take Plaintiff to court and recover the Debt."

29. The aforementioned representations by Defendant were false, deceptive and misleading as no lawsuit had been filed against Plaintiff for the collection of the Debt, no summons had been issued that was about to be served on Plaintiff, and Nissan no longer owned the Debt.

30. The aforementioned representation had the effect of conveying to an unsophisticated consumer that a lawsuit had been filed against Plaintiff and that the service of summons was imminent.

31. CRCM's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that no lawsuit had been filed against Plaintiff.

32. At the time of making the aforesaid representations, CRCM was aware that no lawsuit had been filed and CRCM had no intent of delivering or causing to be delivered summons for a putative lawsuit.

33. CRCM's representations to Plaintiff had the desired result as, believing CRCM's representations, acting under duress, and fearing that he would be served with summons and have to defend the collection of the Debt in court, Plaintiff deposited funds into his checking account and called CRCM and tendered an electronic payment of $1,506, as a settlement of the Debt.

34. At no time during the course of its telephone calls with Plaintiff did CRCM advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

35. CRCM has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

36. In its attempts to collect the debt allegedly owed by Plaintiff to Nissan Auto Loan, Commerce violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   f. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   g. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

      h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

37. As a result of Commerce's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, THOMAS J. BECKER, JR, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Commerce as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II: THOMAS J. BECKER, JR v. PMS

38. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

39. Upon information and belief, PMS is located at the same physical location as CRCM.

40. Pleading in the alternative and without prejudice to other allegations contained herein, upon information and belief, PMS and CRCM act in concert to collect debts from consumers.

41. On or about March 12, 2015, PMS processed the payment Plaintiff tendered to CRCM for the Debt.

42. Upon information and belief, PMS is the owner of the Debt and utilizes other fictitious entities such as CRCM to collect its debts so that PMS can obfuscate its true identity and potentially shield itself from FDCPA liability.

43. In its attempts to collect the debt allegedly owed by Plaintiff to Nissan Auto Loan, Payment violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

 a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

 b. Using any business, company or organization name other than the true name of the debt collector's business, company or organization in violation of 15 U.S.C. §1692e(14);

 c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

 d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

44. As a result of Payment's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, THOMAS J. BECKER, JR, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Payment as follows:

 a. All actual compensatory damages suffered;

 b. Statutory damages of $1,000.00;

 c. Plaintiff's attorneys' fees and costs;

 d. Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

45. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
THOMAS J. BECKER, JR

By: _____
David M. Marco
Attorney for Plaintiff

Dated: June 24, 2015June 23, 2015

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com